# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | | |
|---|---|---|
| Sylvia Norris-Gremillion, | ) | |
| | ) | C/A No. 9:19-cv-917-TMC |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Andrew Saul, Commissioner of | ) | |
| Social Security Administration,[1] | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

Plaintiff Sylvia Norris-Gremillion brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of a final decision of the Commissioner of Social Security ("Commissioner") which denied Plaintiff's claim for disability insurance benefits and supplemental security income. (ECF No. 1). In accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02(B)(2)(a), D.S.C., this matter was referred to a magistrate judge for pretrial handling. Before this court is the magistrate judge's Report and Recommendation (the "Report"), recommending that the court affirm the Commissioner's decision. (ECF No. 18 at 12). Plaintiff filed objections to the Report (ECF No. 19), and the Commissioner filed a response to those objections (ECF No. 20). Accordingly, this matter is now ripe for review.

---

[1] Andrew Saul was sworn in as the Commissioner of the Social Security Administration on June 17, 2019.  Pursuant to Fed. R. Civ. P. 25(d), Saul is substituted for Acting Commissioner Nancy A. Berryhill as the defendant in this action.

# I. Background

In July 2015, Plaintiff applied for benefits, alleging she became unable to work on October 5, 2012. (ECF No. 10-2 at 18). Her claim was denied initially on September 16, 2015 and upon reconsideration on October 23, 2015. *Id*. Pursuant to Plaintiff's request, an administrative law judge ("ALJ") conducted a hearing on August 10, 2017, at which Plaintiff was represented by counsel and during which a vocational expert testified. *Id.*

On December 29, 2017, the ALJ denied Plaintiff's claim, finding her not disabled under the Social Security Act ("SSA"). *Id*. at 21–29. The ALJ found that Plaintiff suffered from left shoulder arthritis, bilateral carpal tunnel syndrome, fibromyalgia, right knee osteoarthritis, coccydynia, obesity, alcohol dependence, anxiety, depression with psychotic features, and bipolar disorder, which he found to be severe impairments. *Id.* at 21. The ALJ also determined that Plaintiff suffered from several nonsevere impairments, including gastroesophageal reflux disease ("GERD"), migraine headaches, obstructive sleep apnea, and anemia. *Id*. Additionally, "[w]ith regard to concentrating, persisting, or maintaining pace," the ALJ determined that "the [Plaintiff] has a moderate limitation." *Id.* at 23. The ALJ noted that "[m]ental status examinations" in the record reflect "that the [Plaintiff] demonstrated a logical/goal-directed thought process as well as intact attention and

concentration[,]" and that the Plaintiff "has a driver's license and sometimes drives." *Id*.

The ALJ then assessed Plaintiff's residual functional capacity ("RFC") and concluded that, despite the foregoing impairments, Plaintiff could "perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a)" with several limitations, finding that Plaintiff "can never climb ladders, ropes, or scaffolds," "can occasionally climb ramps and stairs, balance, stoop, stoop, kneel, crouch, and crawl," "can occasionally reach overhead with the left upper extremity," and "can have frequent exposure to hazards." *Id*. Significantly, the ALJ found Plaintiff is "limited to simple, routine, repetitive tasks performed for two hours at a time and no interaction with the public." *Id*.

The ALJ concluded that, in light of Plaintiff's RFC, she is unable to perform her past relevant work as a cashier, customer service representative, forklift operator, electronics assembler, and industrial cleaner. *Id*. at 27. Nevertheless, the ALJ determined that, based on Plaintiff's age, education, work experience, and RFC, "there are jobs that exist in significant numbers in the national economy that [Plaintiff] can perform," including sorter, assembler, and inspector. *Id.* at 28. At the administrative hearing, the ALJ posed a hypothetical to the Vocational Expert ("VE"), asking him whether there were any jobs that a person of Plaintiff's age and background could perform where such jobs involved unskilled "sedentary work" that

3

never required her to "climb ladders, ropes, or scaffolds," and only occasionally required "[o]verhead reaching with the left upper extremity." *Id*. at 64. Most importantly, the ALJ asked the VE to assume that the hypothetical worker would be further limited to "simple routine repetitive tasks performed two hours at a time." *Id*. The VE responded that jobs existed within the limitations imposed by the hypothetical, including sorter, assembler, and inspector. *Id*. Accordingly, the ALJ concluded that Plaintiff has not been disabled within the meaning of the SSA since June 27, 2015 and denied her claim. *Id*. at 29. On February 19, 2019, the Appeals Council denied Plaintiff's request for review, thereby making the ALJ's decision the final decision of the Commissioner. *Id*. at 2.

Plaintiff filed this action for judicial review on March 26, 2019. (ECF No. 1). On February 3, 2020, the magistrate judge issued the Report recommending the court affirm the Commissioner's decision. (ECF No. 18 at 12). In her opening brief, Plaintiff argued that the ALJ's RFC assessment failed "to account for Plaintiff's moderate limitations in concentration, persistence, and pace." (ECF No. 14 at 3). Citing *Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), Plaintiff noted that "the ability to perform simple tasks differs from the ability to stay on task[,]" and argued that the ALJ failed to explain whether Plaintiff possessed the ability to stay on task during an entire workday. (ECF No. 14 at 3–4). The magistrate judge disagreed, concluding that "the ALJ here (in compliance with the *Mascio* decision)

4

specifically did address Plaintiff's ability to stay on task, finding that Plaintiff had the RFC for simple, routine, repetitive tasks 'performed for two hours at a time and no interaction with the public.'" (ECF No. 18 at 7). Finally, having determined that the ALJ sufficiently explained his reasoning to permit judicial review, the magistrate judge then found that Plaintiff "failed to demonstrate that the ALJ's residual functional capacity assessment is unsupported by substantial evidence or controlled by an error of law." *Id*. at 12.

Plaintiff objected to the Report on the ground that the magistrate judge erred in determining that the ALJ's RFC assessment properly accounted for her moderate limitations in concentration, persistence and pace. (ECF No. 19 at 1). Specifically, Plaintiff complains that the ALJ's explanation of the RFC assessment does not adequately address "how Plaintiff would be able to perform tasks (and stay on task) at the required pace throughout an eight (8) hour workday" in light of such limitations. *Id*. The Commissioner filed a reply memorandum contending that Plaintiff's objection to the Report merely rehashed the same argument previously presented to, and rejected by, the magistrate judge. (ECF No. 20 at 2).

## II. Standards of Review

### A. Judicial Review of the Decision of the ALJ

The federal judiciary has a limited role in the administrative scheme established by the SSA. Section 405(g) provides, "the findings of the Commissioner

5

of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined . . . as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *Vitek v. Finch*, 438 F.2d 1157, 1157–58 (4th Cir. 1971). Thus, in its review, the court may not "undertake to re-weigh conflicting evidence, make credibility determinations, or substitute [its] own judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996).

However, "[f]rom this it does not follow . . . that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative agency." *Flack v. Cohen*, 413 F.2d 278, 279 (4th Cir. 1969). Rather, "the courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that this conclusion is rational." *Vitek*, 438 F.2d at 1157–58.

### B. District Court Review of Report and Recommendation

The purpose of magistrate review is to conserve judicial resources. *United States v. Midgette*, 478 F.3d 616, 622 (4th Cir. 2007). Thus, although the recommendations set forth in the Report have no presumptive weight, and this court

remains responsible for making a final determination in this matter, *see Mathews v. Weber*, 423 U.S. 261, 270-71 (1976), the court is charged with making a *de novo* determination of only those portions of the Report to which a specific objection is made, *see* 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(2) ("[A] party may serve and file specific written objections to the proposed findings and recommendations."). On the other hand, the court need only review for clear error "those portions which are not objected to—including those portions to which only 'general and conclusory' objections have been made[.]" *Dunlap v. TM Trucking of the Carolinas, LLC*, 288 F. Supp. 3d 654, 662 (D.S.C. 2017). Thus, "[a] party's objection to a magistrate judge's report must be 'specific and particularized' in order to facilitate review by a district court." *Midgette*, 478 F.3d at 621.

"An objection is specific if it enables the district judge to focus attention on those issues—factual and legal—that are at the heart of the parties' dispute." *Dunlap*, 288 F. Supp. 3d at 662 n.6 (internal quotation marks omitted). Objections which merely restate arguments already presented to and ruled on by the magistrate judge or the court do not constitute specific objections. *See, e.g.*, *Frazier v. Wal-Mart*, C.A. No. 6:11-1434-MGL, 2012 WL 5381201, at *1 (D.S.C. Oct. 31, 2012) (noting that "almost verbatim restatements of the arguments made in previously

7

ruled upon discovery motions" are not specific objections); *Ashworth v. Cartledge*, C.A. No. 6:11-cv-01472-JMC, 2012 WL 931084, at *1 (D.S.C. March 19, 2012) (noting that objections which were "merely almost verbatim restatements of arguments made in his response in opposition to Respondent's Motion for Summary Judgment . . . do not alert the court to matters which were erroneously considered by the Magistrate Judge"). Thus, a *de novo* review is wholly unnecessary for a district court to undertake when a party seeks to rehash general arguments that were already addressed in a magistrate judge's report. *See Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982); *see also Dandy v. Berryhill*, 6:17-cv-331-BHH, 2018 WL 4610757 (D.S.C. Sept. 26, 2018); *Butler v. Berryhill*, No. 4:16-cv-03209-JMC, 2018 WL 1556188, at *1 n.3 (D.S.C. Mar. 30, 2018) ("The court does not need to conduct a de novo review of objections presented in the form of [complete statements] of arguments already made . . . as these objections never cite specific conclusions of the [report] that are erroneous." (internal quotation marks omitted)). Furthermore, in the absence of specific objections to the Report, the court is not required to give any explanation for adopting the magistrate judge's recommendation. *Camby v. Davis*, 718 F.2d 198, 199–200 (4th Cir. 1983).

### III. Discussion

In *Mascio*, the Fourth Circuit Court of Appeals found that the ALJ, in assessing the claimant's RFC, failed to mention how, if at all, the claimant's

moderate limitation in her ability to maintain concentration, persistence or pace affected her capacity to perform various job functions for a full workday. *See* 780 F.3d at 637. *Mascio* explained that the lack of an explanation from the ALJ had frustrated meaningful review by the court which was "left to guess about how the ALJ arrived at his conclusions on . . . [Plaintiff's] ability to perform relevant functions." *Id*. Additionally, the court determined that the ALJ's hypothetical question to the vocational expert was insufficient and "[did] not account for a claimant's limitations in concentration, persistence, and pace [merely] by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id*. at 638.

In this case, the ALJ did not leave the court to guess at how she arrived at her conclusions in making the RFC assessment. The ALJ methodically considered the relevant limitations set forth in the medical opinions of record, which is an appropriate means by which to account for Plaintiff's moderate limitations in maintaining concentration, persistence, and pace. *See Sizemore v. Berryhill*, 878 F.3d 72, 81 (4th Cir. 2017) (concluding that an ALJ adequately accommodates a claimant's moderate difficulties in concentration, persistence, or pace by crediting medical opinions of record and considering the limitations the medical providers indicated as part of the RFC assessment). As noted by the magistrate judge, the ALJ accorded great weight to the opinions of the state agency psychological consultants, Jeanne Wright, Ph.D. and Larry Clanton, Ph.D., who found that Plaintiff "is able to

9

understand and remember simple instructions and carry out short and simple instructions, and she can maintain concentration and attention for periods of at least two hours." (ECF No. 10-2 at 27); *see also Ward v. Colvin*, No. 0:15-cv-00975-TMC, 2016 WL 2956376, at *3 (D.S.C. May 23, 2016) (concluding the ALJ's acknowledgement of limitations identified in the state agency assessment, medical records, and testimonial evidence provides a sufficient basis for his findings of fact). Additionally, in questioning the vocational expert at the administrative hearing, the ALJ posed two hypotheticals which both included a limitation "to simple routine repetitive tasks performed two hours at a time." (ECF No. 10-2 at 62, 64). The ALJ then included this precise limitation in Plaintiff's RFC assessment. *Id*. at 23. Accordingly, the ALJ sufficiently accommodated Plaintiff's moderate limitation in concentration, persistence, and pace by finding that she has the ability to concentrate and persist in the performance of detailed instructions and tasks for at least two hours at a time. *See Sisco v. Comm'r of Soc. Sec. Admin.*, No. 9:17-cv-3076-TMC, 2019 WL 396605, at *3 (D.S.C. Jan. 31, 2019); *Falls v. Colvin*, No. 8:14-cv-195-RBH, 2015 WL 5797751, at *7 (D.S.C. Sept. 29, 2015).

    Plaintiff filed objections to the Report, arguing that the ALJ "fail[ed] to explain how Plaintiff would be able to perform tasks (and stay on task) at the required pace throughout an eight (8) hour workday." (ECF No. 19 at 1). According to Plaintiff, the ALJ's inclusion of the two-hour limitation in the RFC assessment

and her consideration of the limitations discussed in the medical records were insufficient to account for Plaintiff's moderate limitations in concentration, persistence and pace. *Id*. at 1–2.

Plaintiff's objection raises essentially the same argument first presented to the magistrate judge in Plaintiff's brief. *See* (ECF No. 14). Objections to the magistrate judge's Report are not a subsequent opportunity to reargue the merits of a case— they are an opportunity to demonstrate to this Court particular errors in the magistrate judge's reasoning. *See* 42 U.S.C. § 405(g); *Craig*, 76 F.3d at 589. Thus, "a mere restatement of the arguments raised in the summary judgment filings does not constitute an 'objection' for the purposes of district court review." *Nichols v. Colvin*, No. 2:14-cv-50, 2015 WL 1185894, at *8 (E.D. Va. Mar. 13, 2015); *Heffner v. Berryhill*, No. 2:16-cv-820, 2017 WL 3887155, at *3 (D.S.C. Sept. 6, 2017) (explaining that a district court "may reject perfunctory or rehashed objections to R&Rs that amount to a second opportunity to present the arguments already considered by the Magistrate Judge" (internal quotation marks omitted)). Accordingly, the court need only review the Report and the magistrate judge's recommendations on this issue for clear error. *See Dunlap*, 288 F. Supp. 3d at 662.

As previously explained, the magistrate judge found that the ALJ properly accounted for Plaintiff's moderate limitations with regard to concentration, persistence and pace in the hypothetical posed to the VE and in the RFC assessment,

11

and did not leave the court to guess as to how she arrived at her decision. The court perceives no clear error in the Report in that regard. *See Sisco*, 2019 WL 396605 at *2–*3 (concluding that ALJ properly accounted for a moderate limitations in concentration, persistence and pace in determining that claimant had an RFC to "concentrate and persist for at least two hours at a time on these tasks"); *Falls*, 2015 WL 5797751 at *7 (concluding that ALJ's hypothetical properly accounted for claimant's moderate limitation in concentration, persistence and pace where question to vocational expert was limited to "simple, routine, repetitive tasks . . . for extended periods, say two hour periods in eight hour day").

## IV. Conclusion

After a thorough review of the record, the court **ADOPTS** the Report (ECF No. 18) and **AFFIRMS** the decision of the ALJ.

**IT IS SO ORDERED.**

s/Timothy M. Cain<br>
United States District Judge

Anderson, South Carolina
November 17, 2020